IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH LAURA CHOIKE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-622 |
| | ) |
| SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA | ) |
| OF THE STATE SYSTEM OF HIGHER EDUCATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Defendant, an academic institution, seeks the dismissal of Plaintiffs' Title IX claim on the grounds: that Plaintiffs have not alleged that they were subjected to intentional sex discrimination; that the individual Defendants cannot be sued under Title IX; and that the Coach-Plaintiff does not have standing to pursue relief under Title IX.  I agree that the individual Defendants cannot be sued and that the Coach-Plaintiff does not have standing to pursue a claim.  The Motion to Dismiss is granted in these respects.  I disagree, however, that the Student-Plaintiffs have not alleged a claim for intentional discrimination under Title IX.  Their claim may go forward.

### OPINION

The facts of this case have been set forth in detail in the Findings of Fact and

Conclusions of Law granting Plaintiffs' Motion for Preliminary Injunction. For purposes of this Motion, I will briefly recite the facts as follows. The Plaintiffs are comprised of a number of female student athletes who attend Defendant Slippery Rock University ("SRU") and who were members of the women's varsity field hockey team, the women's varsity swimming team and/or the women's varsity water polo team, and James Yeamans, the former coach of the women's swimming and water polo teams. The Plaintiffs contend that SRU's elimination of the water polo and swimming teams[1] and that SRU's unequal treatment of its female student athletes violates Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX").

Defendants SRU, Robert Smith, the President of SRU ("Smith"), and Paul Lueken, SRU's Director of Athletics ("Lueken"), have filed a Motion to Dismiss the Complaint. See Docket No. 26). The Defendants urge that the Complaint must be dismissed in its entirety because Plaintiffs have not alleged a claim of intentional sex discrimination under Title IX. In the alternative, Defendants contend that the claims against Smith and Lueken cannot go forward as they are not subject to liability under Title IX and that Yeamans lacks standing to pursue a claim under Title IX. For the reasons set forth below, the Motion is granted in part and denied in part.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable

---

[1] SRU also initially decided to eliminate the women's field hockey program. Subsequent to the initiation of suit, however, SRU reinstated that team.

2

inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46.  Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

**A. INTENTIONAL DISCRIMINATION**

Title IX provides that:

3

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal assistance... .

20 U.S.C. § 1681. SRU claims that Plaintiffs have not alleged intentional discrimination under § 1681. Instead, SRU argues, Plaintiffs are actually pursuing a claim under the regulations enacted pursuant to Title IX and the accompanying Policy Interpretations - an approach SRU insists is barred under Alexander v. Sandoval, 532 U.S. 275 (2001).

I reject SRU's argument as unpersuasive. First, a reading of the Complaint assures me that Plaintiffs do assert a claim for *intentional* sex discrimination. Indeed, Plaintiffs specifically allege that SRU's actions "have caused harm to plaintiffs and constitute intentional discrimination based on sex in violation of Title IX.... ." See Complaint, ¶ 1. More particularly, Plaintiffs allege that SRU segregates its athletic opportunities by gender and that it knowingly denied its female students equal athletic opportunities and knowingly failed to provide its female student athletes equal treatment. I find these allegations sufficiently assert a claim of intentional sex discrimination. See Barrett v. West Chester University, Civ. No. 3-4978, 2003 WL 22803477 (E.D. Pa. Nov. 12, 2003). Accordingly, I find that Plaintiffs are, in fact, pursuing a claim under the statute itself. To the extent that Plaintiffs rely on the regulations at 34 C.F.R. § 106.41 and the accompanying Policy Interpretations, I find that they implement but do not expand the scope of Title IX. See Barrett, 2003 WL 22803477 at * 13; Favia v. Indiana Univ. Of Pa., 7 F.3d 332, 343 (3d Cir. 1993) and

Chelenor v. University of N.D., 291 F.3d 1042, 1045 (8th Cir. 2002). Consequently, there is no Sandoval issue here. The Motion to Dismiss is denied in this regard.

B. **SMITH AND LUEKEN AS DEFENDANTS**

Plaintiffs name Smith and Lueken as Defendants. Smith and Lueken argue that, because they do not themselves receive federal funding, they cannot be sued under Title IX in their individual capacities. See Docket No. 27, p. 2-3, citing, Jennings v. University of North Carolina at Chapel Hill, 444 F.3d 255, 268 n. 9 (4th Cir. 2006). Significantly, Plaintiffs do not dispute this reading of the law. Instead, Plaintiffs urge that they are suing Smith and Lueken in their official capacities. See Docket No. 37, p. 15-16. Plaintiffs contend that because Smith's and Lueken's actions are at the core of this lawsuit, they should remain Defendants.

I disagree. By suing Smith and Lueken in their official capacities, Plaintiffs have simply asserted a claim against their employer, SRU. Yet Plaintiffs have already named SRU as a Defendant. Pursuing claims against SRU and Smith and Lueken in their official capacities would be redundant. Because Plaintiffs have named SRU as a Defendant, they would suffer no prejudice by my dismissing the official capacity suits against Smith and Lueken. The Motion to Dismiss is granted in this regard.

C. **YEAMANS' CLAIMS**

James Yeamans served as the coach for the women's swimming team and the women's water polo team. He lost these positions when SRU eliminated the teams, but remains otherwise employed by SRU. He, along with the Student Plaintiffs initiated this suit to challenge SRU's "failure to provide equitable athletic

5

opportunities for its female students and equitable treatment of its female student athletes... ." See Complaint, ¶ 1.  The Complaint explains that "Coach Yeamans joins this action as a plaintiff to vindicate his rights and the rights of the student athletes he has coached in the past and expects to coach in the future." See Complaint, ¶ 18. In a declaration submitted in conjunction with the Motion for Preliminary Injunction, Yeamans added that he will miss coaching those teams.

SRU seeks the dismissal of Yeamans' claims on the ground that Yeamans has not himself suffered any form of intentional discrimination.  SRU urges that Yeamans cannot simply assert the rights of his students.  Plaintiffs counter that "Yeamans has standing to bring this suit based on the personal losses he experienced as a result of the elimination of the women's aquatic programs." See Docket No. 37, p. 14.  Yeamans insists that he has been excluded from "participation in" coaching and that he has been denied the benefits of his job based upon the sex of his athletes in violation of Title IX.

Yeamans' argument rests upon the Supreme Court's decision in Jackson v. Birmingham Bd. Of Educ., 544 U.S. 167 (2005).  In Jackson, a former coach of a girls' high school basketball team asserted a claim under Title IX, alleging that he had been fired in retaliation for having spoken out about his team's lack of equal funding and lack of equal access to athletic equipment and facilities.  The district court dismissed the complaint on the grounds that Title IX did not prohibit retaliation and the Eleventh Circuit Court of Appeals affirmed.  The Supreme Court granted certiorari to "resolve a conflict in the Circuits over whether Title IX's private right of action

6

encompasses claims of retaliation for complaints about sex discrimination." Jackson, 544 U.S. at 172.

The Court held that Title IX does encompass a cause of action for retaliation where the funding recipient retaliates against an individual because he has complained about sex discrimination. Jackson, 544 U.S. at 171. In so finding, the Court noted that Title IX "broadly prohibits a funding recipient from subjecting any person to 'discrimination' 'on the basis of sex.'" Jackson, 544 U.S. at 173. The Court observed that:

> Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action. Retaliation is, by definition, an intentional act. It is a form of 'discrimination' because the complainant is being subjected to differential treatment.

Jackson, 544 U.S. at 173-74.

In addition, the Court rejected the argument that the coach could not avail himself of Title IX because he was an "indirect victim" of sex discrimination. The Court observed that "[t]he statute is broadly worded; it does not require that the victim of retaliation must also be the victim of the discrimination that is the subject of the original complaint." Jackson, 544 U.S. at 179. The Court continued:

> [i]f the statute provided instead that 'no person shall be subjected to discrimination on the basis of *such individual's sex*, then we would agree with the Board. … However, Title IX contains no such limitation. Where the retaliation occurs because the complainant speaks out about sex discrimination, the 'on the basis of sex' requirement is satisfied. The complainant is himself a victim of discriminatory retaliation, regardless of whether

7

> he was the subject of the original complaint.

Jackson, 544 U.S. at 179 (italics in original).

Yeamans concedes that he has not asserted a claim for retaliation. Nevertheless, he urges that Jackson's broad reading of Title IX supports his standing to sue. He reasons that he has lost his coaching positions as a result of discrimination on the basis of sex. See Docket No. 37, p. 15.

While at first glance Yeamans' argument is appealing, a closer inspection requires me to reject it. I read Jackson not as extending Title IX standing to "indirect victims," but as recognizing that a coach who was retaliated against for having complained of Title IX violations has, himself, been the subject of intentional sex discrimination. The school, in Jackson, purposefully directed its discriminatory conduct toward the coach. The Supreme Court defined intentional discrimination to include retaliation. Consequently, the school intentionally discriminated against the coach.

In contrast, here, Yeamans' loss of coaching jobs was a mere byproduct of its decisions to eliminate the women's swimming and women's water polo teams. No intentional discrimination was directed to Yeamans. Were I to read Jackson as giving Yeamans standing to sue, then the hypothetical work study student who kept score for the women's teams, and who also lost a job because those teams were eliminated, would also have standing to sue for Title IX violations. I cannot believe that Congress intended Title IX to be construed in this manner. Indeed, research did not disclose a single post-Jackson decision in which a court read Title IX so broadly.

8

The Motion to Dismiss Yeamans' claims is granted.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH LAURA CHOIKE, et al., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>-vs- )<br>)<br>)<br>SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA )<br>OF THE STATE SYSTEM OF HIGHER EDUCATION, )<br>et al., )<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 06-622 |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **21st** day of July, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss (Docket No. 26) is granted in part and denied in part. It is granted insofar as Yeamans' claims are dismissed and all claims asserted against Smith and Lueken are dismissed. It is denied in all other respects.

A Case Management Conference is hereby scheduled for Thursday, July 27, 2006 at 9:30 A.M. before the undersigned in Suite 3280, Third Floor of the U.S. Post

Office & Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Counsel shall have settlement authority and parties are to be available by telephone.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge