IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH LAURA CHOIKE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  06-622 |
| SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA | ) |
| OF THE STATE SYSTEM OF HIGHER EDUCATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

An association of student athletes seeks to intervene, both as of right and, alternatively, with permission, in a Title IX case initiated by other student athletes. Because the intervenors have not acted in a timely manner, intervention is denied.

### OPINION

On January 30, 2006, Defendant Slippery Rock University of Pennsylvania of the State System of Higher Education ("SRU") announced that, for budgetary purposes, it would eliminate eight varsity sports.  Those sports consisted of men's and women's swimming, men's and women's water polo, women's field hockey, men's golf, men's wrestling and men's tennis.  At that same time, SRU notified, in writing, the student athletes that those teams had been eliminated.

1

Approximately three and one half months later, a group of female student athletes ("the Plaintiffs") filed suit under Title IX of the Education Amendments of 1972 challenging SRU's alleged failure to provide equitable athletic opportunities for its female students (the "participation claim") and its alleged inequitable treatment of its female student athletes (the "unequal treatment claim").  The Plaintiffs also sought preliminary injunctive relief in the form of immediate reinstatement of women's swimming and women's water polo programs and the appointment of coaches, the scheduling of competitions and the provision of all other benefits normally associated with varsity status at SRU.  The parties engaged in discovery regarding the participation claims and then this Court held a preliminary injunction hearing on June 14, 2006 and issued an Order and Findings of Fact and Conclusions of Law on July 21, 2006 granting injunctive relief.

Since that date, the Plaintiffs and SRU have diligently worked toward settling this case.  Indeed, the parties reached a tentative settlement on the participation claims on September 26, 2006. See Docket No. 59.  All discovery has closed, expert reports have been exchanged and the parties represent that they will be ready for trial in April of 2007. See Docket No. 60.

Now, eleven months after SRU announced the elimination of the athletic teams, seven months after the Plaintiffs initiated this well-publicized suit, and more than four months after this Court issued its Order granting preliminary injunctive relief (relief which was itself also well-publicized), an association named Save Slippery Rock Wrestling ("the Wrestlers") seeks to intervene in this action pursuant to Rule

24(a)(2) and (b)(2) of the Federal Rules of Civil Procedure. <u>See</u> Docket No. 64.[1]  In their Complaint in Intervention, the Wrestlers urge that the regulations implementing Title IX are inapplicable here.[2]  They also argue that SRU's elimination of the wrestling program violates both Title IX and the Equal Protection Clause of the Fourteenth Amendment.  They insist that they must intervene to protect their rights.  Both SRU and the Plaintiffs oppose intervention.

For the reasons set forth below, the Motion to Intervene is denied.

## **Analysis**[3]

I. *Intervention Under Rule 24(a)(2)*

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits intervention as a matter of right provided that the application to intervene is timely and "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).  The Third Circuit court has held that "a litigant

---

[1] The association is "formed for current SRU student-athletes who desire to wrestle on an SRU intercollegiate wrestling team and for intercollegiate and interscholastic student-athletes who would apply to attend (or transfer to) SRU to wrestle on such a team, if SRU reinstated it." <u>See</u> Docket No. 64-3, paragraph 2.

[2] The Wrestlers have a detailed argument about the invalidity of the regulations which rests, to some degree, on whether SRU's athletic department directly receives financial aid.  Because I find that the Wrestlers cannot meet the threshold requirements of Rule 24, I need not address their arguments regarding Title IX and its implementing regulations.

[3] The Wrestlers brief the issue of whether they must satisfy the same jurisdictional requirement as the initial plaintiffs.  As neither SRU nor Plaintiffs take issue with the Wrestlers' satisfaction of the jurisdictional requirements, I need not address this requirement.

seeking intervention as of right under Rule 24(a)(2) must establish 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." Liberty Mutual Insurance Company v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citations omitted).  A review of the Wrestlers' submission convinces me that they cannot satisfy the timeliness portion of the Rule 24(a)(2) test.

In determining the timeliness of the Wrestlers' motion, I must consider the stage of the proceedings at the time they sought to intervene, the possible prejudice caused to the other parties by the delay and the reason for the delay. See Donovan v. United Steelworkers of America, 721 F.2d 126, 127 (3d Cir. 1983). See also Bradburn Parent / Teacher Store, Inc. v. 3M, Civ. No. 2-7676, 2004 WL 2900810 at * 3 (E.D. Pa. Dec. 10, 2004).  "The length of time that the movant waits before seeking to intervene is measured from the point at which the movant knew, or should have known, of the risk to its rights." Bradburn, 2004 WL 2900810 at * 3, citing, Mountain Top Condo Assoc. v. Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995).

Here, though the case is not yet a year old, the stage of the proceedings is relatively advanced.  Discovery has closed.  More importantly, discovery on the participation claim (which is that portion of the Plaintiffs' Complaint which is relevant to the Wrestlers' claims) was completed in June of 2006, before the preliminary injunction hearing - five months before the application for intervention

4

was filed.  Permitting the Wrestlers to intervene at this advanced stage could prove disastrous.  Settled issues regarding participation proportionality would likely be reopened, discovery would be required - all at a significant cost to the Plaintiffs and SRU. Of even more significance, the parties have reached a settlement with respect to the participation claim.  Again, that settlement was reached <u>before</u> the Wrestlers sought to intervene.[4]  Allowing the Wrestlers to intervene would cause substantial prejudice to both SRU and the Plaintiffs.  A settlement would be derailed, as the Wrestlers have made it clear that they do not share Plaintiffs' views of Title IX and its implementing regulations.  Matters which are ripe for resolution[5] could be postponed for years.  Student athletes may lose that small window of opportunity to participate in collegiate athletics before graduating.

Finally, the Wrestlers offer no legitimate reason for their delay in seeking to intervene.  The Wrestlers knew or should have known of the risk to their rights eleven months before they filed their Motion.  The facts of record indicate that the Wrestlers were told about the elimination of their program on or before the announcement was made on January 30, 2006.  Indeed, at least two of the Wrestlers were suspicious even then that Title IX had played a role in the elimination of the program. <u>See</u> Docket Nos. 74-3 and 74-4.  Even if the Wrestlers somehow were not

---

[4] As this is a class action, settlement of a portion of Plaintiffs' claims is not as simple as signing a form.  Rather, I must grant preliminary approval of a partial settlement, certify a proposed class and appoint class counsel.  Notice of the settlement must be given to class members and a fairness hearing must be scheduled.

[5] The parties are currently mediating the remaining claim - that of inequitable treatment of its female student athletes. While the Wrestlers apparently do not seek to intervene in this claim, their intervention would likely cause delay in the resolution of this claim as well as counsel and the clients would have to focus energies on relitigating the participation claims.

aware of the risk to their rights in January of 2006, they certainly should have known of their rights in May of 2006 when the Plaintiff filed this lawsuit.  Plaintiffs' lawsuit made the clear connection between SRU's elimination of the athletic teams and Title IX.  This Court's Order granting injunctive relief, which was issued in July of 2006, also should have put the Wrestlers on notice of the risk to their rights.

Significantly, the Wrestlers do not deny knowing any of the foregoing events. They do not explain having been unaware of the elimination of their program, the initiation of this lawsuit, or the issuance of the injunctive relief.  Indeed, nobody associated with the Wrestlers has filed an affidavit in any regard.  Instead, the Wrestlers make a vague comment in the Motion and Brief that they sought intervention within two weeks of becoming aware that "SRU's efforts to comply with enrollment proportionality reflected an effort to comply with a procedurally invalid standard that has never taken effect and (on information and belief) would not apply to SRU athletics, even if it was valid and had taken effect." See Docket No. 64-1, p. 2.  What took the Wrestlers eleven months to learn then, was not of the risk to their rights, but a legal theory to pursue.  In short, the Wrestlers' reason for their delay merits little regard.

Because I find the Wrestlers have not sought intervention under Rule 24(a)(2) in a timely manner, I need not consider whether they have met the remaining three factors.  The Motion to Intervene as of right is denied.

II. *Intervention Under Rule 24(b)(2)*

Similar to one intervening as a matter of right, one may be permitted to

intervene upon timely application when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2).  Here, the Wrestlers contend that, "like the main action [they] seek... review of SRU's decisions to cut and add athletic teams, consistent with SRU's obligations under Title IX and the Equal Protection Clause." <u>See</u> Docket No. 65, p. 11.  Even if I were to find that the Wrestlers had a question of fact or law in common with Plaintiffs' claims, I would still deny intervention under Rule 24(b)(2).  The Wrestlers must demonstrate that their application to intervene is timely.  For reasons stated above in connection with intervention under Rule 24(a)(2), the application is untimely.  Consequently, the Motion is denied.

## **ORDER OF COURT**

AND NOW, this **22nd** day of January, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion,  it is Ordered that the Motion to Intervene (Docket No. 64) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge