IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELIZABETH LAURA CHOIKE, et al.,
on behalf of themselves and all similarly
situated individuals,
       Plaintiffs,

v.

SLIPPERY ROCK UNIVERSITY OF
PENNSYLVANIA OF THE STATE
SYSTEM OF HIGHER EDUCATION,
       Defendant.

Civil Action No. 2:06-cv-00622-DWA

*"Document Electronically Filed"*

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND CONSENT ORDER**

WHEREAS, the parties in this matter have reached a settlementa greement encompassing all issues other than the amount of attorneys' fees to be paid to plaintiffs' counsel;

WHEREAS, the Courth as preliminarily approved the parties' Participation and Treatment Claim Settlements;

WHEREAS, the Courth as certified the plaintiff class as described below;

WHEREAS, the parties have moved the Court to finally approve the settlementi n this matter;

WHEREAS, the parties properly notified class members of the proposed settlementa nd fairness hearing;

WHEREAS, the Court on July 20, 2007, conducted a fairness hearing to address any objections to the settlement;

WHEREAS,n o objections were timely made;

NOW THEREFORE, the Court makes the following findings of fact and conclusions of law and enters the following order, to which all parties have consented:

## **FINDINGS OF FACT**

1.    Plaintiffs, 12 members of the women's swim, water polo, and field hockey teams of defendant Slippery Rock University ("Slippery Rock" or "SRU"), filed this action on May 9, 2006, charging Slippery Rock with intentional discrimination for "failure to provide equitable athletic opportunities for [SRU's] female students and equitable treatment of its female student athletes, including its announced elimination of three viable women's athletic teams." Pl. Compl. ¶¶ 1-3, 25-34 (Docket #1).

2.    On May 11, 2006, plaintiffs filed a motion for preliminary injunction to prevent the elimination of women's teams pending a final determination by the Court on plaintiffs' claims. (Docket #4).

3.    On July 21, 2006, following an evidentiary hearing on June 14, 2006, Chief Judge Ambrose issued findings of fact and conclusions of law and an order granting the requested preliminary injunction. (Docket #39). Chief Judge Ambrose enjoined the elimination of or, if already eliminated, ordered the reinstatement of the women's varsity swimming and water polo teams for the 2006-07 academic year with funding, staffing and all other benefits commensurate with their status as intercollegiate teams.

4.    By order dated August 28, 2006, the Court referred the parties to Magistrate Judge Lisa P. Lenihan to supervise the parties' settlement negotiations of the Participation Claims. August 28, 2006 Order (Docket #54).

5.    The parties reached a settlement on the Participation Claims on September 13, 2006.

6. On December 8, 2006, the parties filed a Joint Motion for Preliminary Approval of Partial Settlement, Certification of the Proposed Plaintiff Class, and Appointment of Plaintiffs' Counsel as Class Counsel. (Docket #70).

7. On April 9, 2007, the Court preliminarily approved the proposed partial settlement of plaintiffs' participation claims, certified the settlementc lass, and appointed plaintiffs' counsel as class counsel. (Docket #84). The certified class includes, "All present and future female students of SRU, including currently enrolled female students, female students admitted for the 2006-07 academic year, and prospective female students who participate, seek to participate, or have been deterred or prevented from participating in or obtaining the benefits of intercollegiate athletics sponsored by SRU."

8. On December 13, 2006, the parties filed a Joint Motion Referring Case to Magistrate Judge Lisa P. Lenihan for Additional Mediation. (Docket #72).

9. The Courtg ranted this motion by order dated December 14, 2006, and referred the parties to mediation on the TreatmentC laims. December 14, 2006 Order. (Docket#73 ).

10. On April 6, after extensive negotiations supervised by Judge Lenihan, the student-athletes reached a settlemento f the Treatment Claims.

11. The parties filed a Joint Motion for Preliminary Approval of the Treatment Claims on May 18, 2007. (Docket #90).

12. On May 22, 2007, the Courtp reliminarily approved the proposed settlement of plaintiffs' treatment claims, scheduled a fairness hearing, and set a deadline for class members to notify the Clerk of Court, class counsel and Slippery Rock's counsel of any objections to the

settlement and interest in attending the hearing. The Court also approved the form and methods of notice to be given to the class. (Docket #92).

13.     On May 30, the Court approved Defendant's Motion for Continuance of Date Set for Fairness Hearing, rescheduled the fairness hearing for July 20, 2007, and reset the date for class members to provide notice of objections and notice of attendance at the fairness hearing to July 2, 2007. (Docket #98). No objections or notices of attendance were timely received.

14.     On June 7, the Court excused defendant from publication of notice to the class in the university paper. (Docket #100).

15.     The Participation Claims Settlement contemplated that parties would agree on the definition of "participant" for Title IX purposes for SRU Athletic Department Roster Size Policies and of the content of gender equitable treatment policies pursuant to paragraph I.C. of the Participation Claims Settlement and paragraph I.G. of the Treatment Claims Settlement. The parties reached such agreement on July 19, 2007. A copy of the agreed-upon "participant" definition is attached as Exhibit A; a copy of the agreed-upon policies is attached as Exhibit B.

16.     Also on July 19. 2007, plaintiffs' counsel and defense counsel filed declarations establishing that notice of the settlement and fairness hearing properly had been given to the plaintiff class. (Docket #109). Such notice included emailing the settlement notice to each member of the class whose email address was in Slippery Rock's possession or control, posting the notice on the websites of Slippery Rock and class counsel Women's Law Project, publishing the notice twice in the Pittsburgh Post-Gazette and the Erie Daily Time/Morning News, issuing a joint press release over the PR Newswire, mailing of the notice by Slippery Rock coaches to

members of each of its varsity teams and inclusion of the notice in all athletic-related information sentb y Slippery Rock to prospective students.

17. On July 20, 2007, the parties appeared at the fairness hearing and explained to the Court why, in their view, the proposed settlement is fair, reasonable and adequate.

18. The Courti nquired as to whether any attendees at the fairness hearing had objections and none were voiced.

## CONCLUSIONS OF LAW

19. The settlement merits final approval as fair, reasonable, and adequate under the criteria articulated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975):

a. **The complexity, expense and likely duration of the litigation**: The probable costs in both time and money of continued litigation would be extensive, requiring additional discovery, depositions, expertw itnesses, and huge amounts of time spent dissecting and analyzing large quantities of documents relating to athletic participation and treatment factors. We conclude that additional discovery and the trial in this matter would be long and arduous, requiring greate xpenditures of time and money on behalf of the parties and the Court.

b. **The reaction of the class to the settlement**: There have been no objections by class members after publication of the terms of the settlement and fairness hearing through multiple means. Therefore, the reaction of the class to the settlement weighs in favor of settlement.

c. **The state of the proceedings and the amount of discovery completed**: The parties have engaged in extensive discovery, including five depositions and review of an exceptionally large number of documents. While significant additional discovery would be

required to pursue this matter through trial, the volume and substance of class counsel's knowledge of this case are more than adequate to support this settlement.

   d. **The risks of establishing liability**: The Court already made a preliminary finding that Slippery Rock violated Title IX in connection with the Participation Claims. As Slippery Rock has made changes to its policies and practices, however, the risk of establishing liability on both the Participation and the Treatment Claims increases.[1]

   e. **The risks of maintaining the class action through trial**: There is little risk of decertification in this matter. As the case proceeds, however, a number of the class representatives will graduate and may be difficult to replace, a factor that counsels in favor of settlement.

   f. **The range of reasonableness of the settlement in light of the best possible recovery**: Plaintiffs' counsel correctly expressed the view that they have achieved as good an outcome through settlement as they could have achieved by going through trial. In fact, the plaintiff class achieved at least one result -- the creation of a $300,000 fund for the promotion of women's athletics at Slippery Rock -- that they could not have achieved even if they had fully prevailed in this injunction matter.

   g. **The range of reasonableness of the settlement to a possible recovery in light of all the attendant risks of litigation**: As stated above, continuing to prosecute this matter would require an immense expenditure of time and money, while the university has implemented material changes in its policies and procedures. The settlement accordingly is well within the range of reasonableness in light of the risks attendant to the litigation.

---

[1] The plaintiff class seeks only injunctive relief. Accordingly, the fifth and seventh *Girsh* factors are inapplicable.

The Court further holds that the proposed settlement was the product of informed negotiations, having included the participation of representatives of the plaintiff class and the university administration, including Slippery Rock President Robert Smith. In addition, the settlement negotiations were supervised by Magistrate Judge Lisa P. Lenihan. Furthermore, the settlement discussions did not include discussion of attorneys' fee.

For all the above-stated reasons, the Court holds that the settlement in this matter is fair, adequate and reasonable and enters the following consent order.

BY THE COURT:

*Donetta F. Ambrose*
Donetta W. Ambrose,
Chief, U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH LAURA CHOIKE, et al., on behalf of themselves and all similarly situated individuals,<br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA OF THE STATE SYSTEM OF HIGHER EDUCATION,<br>　　　　　　　　　Defendant. | Civil Action No. 2:06-cv-00622-DWA |

## ORDER OF THE COURT

AND NOW, this 8th day of Aug, 2007, having carefully considered all of the papers filed, and evidence, testimony, and arguments presented in the above-captioned matter,

IT IS ORDERED that the proposed class action settlement is finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable and adequate.

BY THE COURT:

*/s/ Donetta W. Ambrose*
Donetta W. Ambrose,
Chief, U.S. District Judge