IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH LAURA CHOIKE, et al., on behalf of themselves and all similarly situated individuals,<br><br>            Plaintiffs,<br><br>   -vs-<br><br>SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA OF THE STATE SYSTEM OF HIGHER EDUCATION,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-622 |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Students who prevailed in a Title IX action against their University seek an award of attorneys fees under 42 U.S.C. § 1988, 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. While I find that the requested hourly rates are reasonable, I find that the number of hours requested must be adjusted.

Plaintiffs, student-athletes at Defendant Slippery Rock University ("SRU"), have submitted a Motion for Attorneys' Fees and Costs. See Docket No. [113]. They contend that, as the prevailing party in the underlying litigation, they are entitled to reasonable fees and costs of $496,367.75 pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. Although SRU does not disagree that

1

the Plaintiffs are entitled to fees and costs, SRU counters that the hourly rates requested are not reasonable, that certain of the time is not compensable and that the costs are inflated.  Accordingly, SRU suggests a reasonable award of fees and costs in the amount of $205,515,70.  For the following reasons, the Motion will be granted in part and denied in part.

I. <u>BACKGROUND</u>

On January 30, 2006, SRU announced that, for budgetary reasons, it would eliminate eight varsity sports.  Those sports consisted of men's and women's swimming, men's and women's water polo, women's field hockey, men's golf, men's wrestling, and men's tennis.  Thereafter, Plaintiffs immediately began their attempts to have the women's teams reinstated.  They secured representation by the Women's Law Project ("WLP") and Flaster/Greenberg, P.C.  Although attempts were made to resolve the dispute without court intervention, the attempts failed and the Plaintiffs initiated this litigation.  They filed a class action suit under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88 ("Title IX") for the violation of Title IX's equal participation requirement and equal treatment requirement.

Following briefing, a hearing and post-hearing submissions by the parties, I granted Plaintiffs' request for a preliminary injunction on the participation claims.  Specifically, I enjoined SRU from eliminating the women's varsity swimming and water polo teams (field hockey had been reinstated in the interim) for the 2006-2007 school year and required it to reinstate those teams, with appropriate funding and staffing, in the event those teams had already been eliminated.

2

The parties then largely focused their efforts on mediation. Resolution of this complicated case could not have occurred without the dedicated efforts of Magistrate Judge Lenihan, Robert Smith, President of SRU, and counsel. They are to be commended for reaching a resolution that serves the best interests of the Plaintiffs and SRU. SRU is now poised to achieve Title IX compliance for the first time since the passage of the statute thirty-five years ago.

The settlement was reached in two phases. The "participation claims" were settled in principle on September 13, 2006. The essential terms of the September 13th agreement require SRU to:

> - retain women's swimming and water polo as varsity teams for one full academic year after SRU has achieved compliance with the proportionality requirement of Title IX within two percentage points;
>
> - accord women's swimming and water polo teams funding, staffing, and all other benefits commensurate with their status as intercollegiate teams; and
>
> - allocate an additional amount of money to women's varsity athletics for the academic year following any year during which the participation of SRU female varsity athletes is not within two percentage points of the proportion of full-time female undergraduates.

Following additional mediation sessions with Judge Lenihan, the equal treatment claims were settled in principle on April 6, 2007. The settlement aims at achieving parity by investing in women's sports programs, by establishing gender-equitable policies and instituting prospective budgeting of all athletic expenditures. SRU agreed to create a $300,000 fund to be spent over three years on women's

athletics in order to eradicate the historical treatment of women's athletics.  SRU also agreed to make substantial improvements to the softball field and pool; improve women's locker rooms; make medical and training personnel and facilities equally available to women athletes; provide equitable compensation to coaches of women's teams and adopt policies setting forth gender equitable treatment regarding uniform, travel, equipment, publicity, trainers, and access to cars for recruitment by coaches.

Following notice to the class and a hearing, I approved the settlement as fair, reasonable and adequate under the criteria articulated in Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).  Plaintiffs then submitted the pending Motion, which is ripe for disposition.

## II. ANALYSIS

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, permits a district court to award reasonable attorney's fees to prevailing parties in civil rights litigation.   Because the purpose of such an award is to "ensure 'effective access to the judicial process' for persons with civil rights grievances ... a prevailing plaintiff' should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983), quoting, H.R. Rep. No. 94-1558, p. 1 (1976) and S. Rep. No. 94-1011, p. 4 (1976).

Here, there can be no doubt that Plaintiffs are a "prevailing party."   The Plaintiffs succeeded on every significant issue in this litigation. Hensley, 461 U.S. at

433 (stating that "'plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'") (citations omitted).  Indeed, SRU does not dispute that the Plaintiffs are prevailing parties.

The question remains, however, what fee is "reasonable." As another court recently observed in considering a fee petition in a Title IX case:

> [i]n asserting the reasonableness of attorney's fees, courts apply the "lodestar" formula, which multiplies "the number of hours reasonably expended by a reasonable hourly rate." Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001).   "When the applicant for fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Id.
> ...

Barrett v. West Chester University, Civ. No. 3-4978, 2006 WL 85974 at * 3 (E.D. Pa. March 31, 2006) (citations omitted).[1]

---

[1] Whether a particular fee is reasonable depends upon the facts of the case but may be assessed in light of certain factors:
   (1) the time and labor required;
   (2) the novelty and difficulty of the questions;
   (3) the skill required to perform the legal service properly;
   (4) the preclusion of employment by the attorney due to the acceptance of the case;
   (5) the customary fee;
   (6) whether the fee is fixed or contingent;
   (7) time limitations imposed by the client or the circumstances;
   (8) the amount involved and the results obtained;
   (9) the experience, reputation and ability of the attorneys;
   (10) the "undesirability" of the case;
   (11) the nature and length of the professional relationship with the client; and
   (12) awards in similar cases.

Hensley, 461 U.S. at 430, n. 3, 103 S. Ct. at 1938 n. 3 (citations omitted).

A. <u>REASONABLE HOURLY RATES</u>

First, I must determine what constitutes a "reasonable market rate for the essential character and complexity of the legal services rendered... ." <u>Lanni v. New Jersey</u>, 259 F.3d 146, 149 (3d Cir. 2001).  I do this by "'assessing the experience and skill of the prevailing party's attorneys and compare the rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" <u>Loughner v. University of Pittsburgh</u>, 260 F.3d 173, 180 (3d Cir. 2001).  The starting point is the hourly rate usually charged by the attorney, but this is not dispositive. <u>Public Interest Research Group of New Jersey, Inc. v. Windall</u>, 51 F.3d 1179, 1185 (3d Cir. 1995).  Plaintiff bears the burden of establishing the reasonable current market rate. <u>Public Interest</u>, 51 F.3d at 1185.  The current market rate is measured at the time the fee petition is submitted, rather than at the time the services were performed. <u>Lanni</u>, 259 F.3d at 149 (citations omitted).

Plaintiffs seek fees for services performed by attorneys and paralegals from the Flaster/Greenberg law firm and by attorneys from the WLP.  The requested hourly rates are as follows:

| Flaster/Greenberg: | | WLP: | |
|---|---|---|---|
| Abbe Fletman | $385 | Terry Fromson | $350 |
| Lizanne Hackett | $245 | Susan Frietsche | $275 |
| Tara Parvey | $225 | David Cohen | $245 |
| Rachel Wolfe | $190 | Amal Bass | $130 |
| Julie Assis | $175 | | |
| Danielle Newsome | $105 | | |
| Christine Buchanan | $ 160 | | |
| Angela Atkinson | $125 | | |

I find that the Plaintiffs have sustained their *prima facie* burden of establishing that the rates requested above are reasonable, given the experience, skill and reputation of the attorneys involved, the complex matter of this litigation, and the prevailing market rates.  For instance, Plaintiffs have proffered evidence that the hourly rates requested which relate to the Flaster/Greenberg attorneys and paralegals are, in fact, the rates charged to clients. See Docket No. [114-5]. Understandably, Plaintiffs were unable to produce such evidence with respect to the WLP, as the WLP does not charge fees to its clients.

Plaintiffs have also submitted evidence concerning the skill, experience and reputation of the attorneys who performed work on this case.[2]  For instance, my review of the submissions makes clear that Abbe Fletman has an excellent reputation in the legal community and is an accomplished advocate.  She heads Flaster/Greenberg's Litigation Section of the Intellectual Property Practice Group, she was voted by members of the Pennsylvania Bar as a Pennsylvania Super Lawyer in 2004 and 2006, and is a fellow at the Academy of Advocacy of Temple University Beasley School of Law, where she serves as an instructor for the LLM in trial advocacy. Id.  Fletman is also the immediate past co-chair of the American Bar Association Litigation Section's task force on civil justice initiatives and a past chair

---

[2] I acknowledge that for certain of the more "junior" attorneys who have not been practicing for many years, Plaintiffs did not submit testimony from individuals who were familiar with their reputation. I do not find this to be unusual (particularly where the junior attorneys practice in another city), as attorneys develop reputations over years of practice.  Nevertheless, Plaintiffs did present evidence regarding the year during which the attorney obtained his or her J.D., as well his or her education, and litigation experience and affidavits indicating what the market rate would be for attorneys of comparable experience. I find this to be sufficient.

of the Federal Courts Committee of the Philadelphia Bar Association. Id.

Terry Fromson and Susan Frietsche of the WLP similarly have excellent reputations, have extensive civil rights litigation experience and have participated in several noteworthy cases, some of which were litigated under Title IX. See Docket No. [114-14].  In addition, Susan Frietsche is a member of the adjunct faculty at the University of Pittsburgh School of Law and has been a lecturer-at-law at the University of Pennsylvania School of Law. Id.  She has also won numerous awards. Id.

David Cohen of the WLP is a 1997 graduate of Columbia Law School, has both state and federal clerking experience, and has participated in several high-impact sex discrimination lawsuits. Id.  He has served as a lecturer-at-law at the University of Pennsylvania School of Law from 2002 through 2006 and taught undergraduate courses on sex discrimination and constitutional law at the University of Pennsylvania School of Arts and Sciences and Long Island University. Id.

Lizanne Hackett of Flaster/Greenberg is a member of the Litigation and Labor and Employment practice groups.  She graduated cum laude from Harvard Law School in 2002.  She practices in both state and federal court and has previously been involved in discrimination cases.

Tara Parvey of Flaster/Greenberg is a member of the Litigation and Real Estate practice groups, and represents plaintiffs and defendants in state and federal court in business disputes.  She has previous clerking experience and graduated with honors from Rutgers School of Law - Camden in 2003.  She has been a member of the adjunct faculty there since 2005.  See Docket No. 114-5.

Rachel Wolfe and Julie Assis of Flaster/Greenberg are presumably junior associates.  No information is provided regarding their skills, reputation or experience. Id.  As stated above, I do not find this unusual given the relatively short time during which they have practiced as attorneys.

Amal Bass, of the WLP, is a 2006 *cum laude* graduate of Harvard Law School. See Docket No. 114-14.

In addition to providing information regarding the skills, experience and reputation of the attorneys, Plaintiffs have submitted affidavits from attorneys who practice in the Western District of Pennsylvania who attest to the fact that the requested fees are reasonable and within the prevailing market rate.  Having reviewed the affidavits and declaration, I find that the Plaintiffs have sustained their burden of demonstrating that Abbe Fletman's requested hourly rate of $385 is fair and reasonable and lies within the range of fees charged by attorneys of similar skill performing similar work in this market. See Doyle Affidavit and Stein Affidavit, Docket Nos. 114-9 and 114-10.  I also find that Plaintiffs have sustained their burden of demonstrating that Lizanne Hackett's requested hourly rate of $245 and Tara Parvey's requested hourly rate of $225 are fair and reasonable and lie within the range of fees charged by attorneys of similar experience in this market. See Weissman Affidavit, Doyle Affidavit, Stein Affidavit and Lamberton Affidavit, Docket Nos. 114-13, 114-9, 114-10 and 114-11.  Plaintiffs have also submitted sufficient evidence to convince me that the requested rates of $190 and $175 per hour for Rachel Wolfe and Julie Assis, respectively, are fair and reasonable for first year

litigation associates performing similar work in this market. See Weissman Affidavit, Doyle Affidavit and Stein Affidavit, Docket Nos. 114-13, 114-9 and 114-10.

With respect to the fees from the WLP, the Plaintiffs have sustained their burden of demonstrating that Susan Frietsche's requested hourly fee of $275 is fair and reasonable given her skills, experience and reputation, and the prevailing rates charged by others of comparable skill in this market. See Hubley Affidavit and Stember Affidavit, Docket Nos. 114-23 and 114-24.  I also find that the Plaintiffs have proffered *prima facie* evidence that Terry Fromson's requested hourly fee of $350 is fair and reasonable considering the rates charged by other attorneys of commensurate skill and experience doing similar work in this market. See Stember Affidavit, Docket No. 114-24.   Similarly, I find the record contains evidence establishing that David Cohen's and Amal Bass's hourly rates of $245 and $130 are reasonable and within the range of rates for attorneys of their caliber and / or experience doing the same type of work in this market. See Stember Affidavit and Hubley Affidavit, Docket Nos. 114-24 and 114-23.

As to the work performed by paralegals employed by Flaster/Greenberg, I find that Plaintiffs have submitted sufficient evidence to establish that the requested rates ($105 for Danielle Newsome, $160 for Christine Buchanan and $125 for Angela Atkinson) are reasonable.  Stanley Stein, who is an attorney in the Western District of Pennsylvania and who has handled complex litigation, opined that rates between $105 and $170 per hour are reasonable and consistent with the Pittsburgh market rates for complex litigation paralegal work. See Stein Affidavit, Docket No. 114-10.

SRU does not contest Plaintiffs' request that the hourly rate accorded Terry Fromson be $ 350. <u>See</u> Docket No. 117, p.4.  SRU does, however, urge that the other requested rates are unreasonable.  Neither party has requested that I hold a hearing on the matter of the reasonableness of the fees.  I recognize that Third Circuit case law exists which stands for the proposition that "if 'hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates.'" <u>Planned Parenthood of Central New Jersey v. The Attorney General of the State of New Jersey</u>, 297 F.3d 253, 265 n. 5 (3d Cir. 2002), <u>quoting</u>, <u>Smith v. Philadelphia Housing Auth.</u>, 107 F.3d 223, 225 (3d Cir. 1997) and <u>Lanni v. State of New Jersey</u>, 259 F.3d 146, 149 (3d Cir. 2001).  Yet a case predating <u>Smith</u> holds that a "failure to conduct an evidentiary hearing ... is not reversible error... . A hearing must be held only where the court cannot fairly decide disputed questions of fact without it." <u>Blum v. Witco Chem. Corp.</u>, 829 F.2d 367, 377 (3d Cir. 1987).  Further, "[i]t is well established that in a conflict between decisions on different panels, the oldest one controls." <u>Drelles v. Metropolitan Life Ins. Co.</u>, 90 Fed. Appx. 587, 591 (3d Cir. 2004), <u>citing</u>, <u>Ryan v. Johnson</u>, 115 F.3d 193, 198 (3d Cir. 1997)(finding that a failure to hold an evidentiary hearing was not reversible error).

Based upon the evidence submitted by SRU, an evidentiary hearing is not necessary.  SRU has not submitted any affidavits stating that the fees requested by Flaster/Greenberg and / or the WLP are unfair or unreasonable or not in accord with the prevailing market rates.  Instead, SRU cites to my decision in <u>Huu Nam Tran v. Metropolitan Life Insurance Co.</u>, Civ. No. 1-262, 2006 WL 2623230 at * 3 (W.D. Pa. Sept.

12, 2006), in support of the notion that the maximum rate awarded for civil rights and other complex litigation cases is $250 per hour. <u>See</u> Docket No. 117, p. 4. However I reject SRU's application of the <u>Tran</u> decision to the facts at bar.  The plaintiff in <u>Tran</u> failed to satisfy his *prima facie* burden of establishing a reasonable hourly rate.  As such, I had to look to past awards, some of which were several years old, in an effort to establish some sort of benchmark.  Here, Plaintiffs have satisfied their burden of proffering *prima facie* evidence that the requested hourly fees are reasonable.

SRU also relies upon affidavits and declarations submitted in conjunction with other cases in support of its proposition that the current market rate for the most experienced counsel in this type of case is $350 per hour. <u>See</u> Docket No. 116-5 and Docket No. 116-6.  While I find those submissions persuasive on the issues of whether fees sought by Ogg, Cordes, Murphy & Ignelzi[3] and John Stember and Stephen Pincus were fair and reasonable and within the range for attorneys of comparable skill, experience and reputation, such submissions do not disprove the reasonableness of the hourly fees requested here.  None of those affidavits set a limit on the range of the hourly fee.  Instead, each affiant or declarant merely states that the hourly fee requested is "within the range" of fees charged in the market.

Because Plaintiffs have satisfied their burden of establishing the reasonableness of the requested hourly fees, and because SRU has offered no

---

[3] Moreover, there is no testimony on the record suggesting that the attorneys from the Ogg law firm are of a skill, reputation and experience commensurate with the attorneys from Flaster/Greenberg or the WLP.

convincing argument or evidence in opposition thereto, I find that the following hourly fees should be awarded:

| Flaster/Greenberg: | | WLP: | |
|---|---|---|---|
| Abbe Fletman | $385 | Terry Fromson | $350 |
| Lizanne Hackett | $245 | Susan Frietsche | $275 |
| Tara Parvey | $225 | David Cohen | $245 |
| Rachel Wolfe | $190 | Amal Bass | $130 |
| Julie Assis | $175 | | |
| Danielle Newsome | $105 | | |
| Christine Buchanan | $ 160 | | |
| Angela Atkinson | $125 | | |

B. *HOURS EXPENDED*

The "lodestar" formula requires me to next determine the number of hours reasonably expended on this litigation.  The Supreme Court has cautioned that, in determining whether hours were reasonably expended, courts should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001) (citations omitted).  "Hours that would not generally be billed to one's own client are not properly billed to an adversary." Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995).

SRU has classified the hours expended by Plaintiffs' counsel in this case into thirty-one different categories for purposes of raising its objections.  For ease of discussion, I will adopt SRU's classification system.  Much of SRU's objections focus upon duplication of effort and redundancy.  I must say that I agree in principle that

Plaintiffs overstaffed this case.  That they obtained excellent results is unquestionable.  Nevertheless, at every appearance in my courtroom as well as at each mediation, at least three attorneys attended where surely one would have sufficed.  Plaintiffs are requesting high hourly rates for their attorneys, particularly for Abbe Fletman and Terry Fromson.  Individuals commanding such rates can fairly be expected to handle complex litigation without the aid, in court (or in mediations, conferences or the like), of several other attorneys.

1. Background / Research

SRU agrees that 51.19 hours of work related to miscellaneous "background investigation" and "legal research" were appropriately expended, but contends that the demand of $13,002.50 for such work must be adjusted in light of reduced hourly rates.  SRU contends that the request for fees be reduced by $2,309,75 ($13.002.50-$10,692.75).  See SRU's Exhibit 3A.  Because I find that the hourly fees requested were appropriate, I decline to adjust the fee in this regard.

2. Demand Letter

Prior to the commencement of this litigation, the Plaintiffs' counsel sent SRU a demand letter.  According to SRU's Summary of Fees (Ex. 2 at Docket No. 116-3), four attorneys worked 2.92 hours (Terry Fromson for 1.25; David Cohen for .67 ; Abbe Fletman for.80; and Lizanne Hackett for .20 hours) on drafting the letter, for a total requested cost of $931.65.  SRU concedes that the 1.25 hours expended by Terry Fromson was reasonable[4] but objects to all other work as redundant.

---

[4] SRU does request that the 1.25 hours of work be compensated at a reduced fee, but for reasons set forth above, I rejected that request.

I agree with SRU.  From the hours recorded, it appears that Fromson was the main drafter of the demand letter.  Certainly someone with Fromson's experience does not need to have a demand letter reviewed by David Cohen or Lizanne Hackett - both of whom were junior to her.  Additionally, Abbe Fletman's time sheets indicate that her contribution to the demand letter was also merely "review and revise."  Again, when Terry Fromson is charging the rate of $350 per hour, that rate is commensurate with the skills, education and experience of someone who does not need her work reviewed by another.  Accordingly, the requested fees will be reduced by: .67 hours at David Cohen's rate of $245; .80 hours at Abbe Fletman's rate of $385; and .20 hours at Lizanne Hackett's rate of $245 per hour.

   3. <u>April 20, 2006 Meeting at SRU</u>

   According to SRU, the Plaintiffs also request compensation for 26.34 hours worked by five different attorneys, at a total cost of $6,930.60, in connection with an April 20, 2006 meeting at SRU (.83 for Susan Frietsche; 6.08 for Terry Fromson; 1.70 for Abbe Fletman; 6.83 for David Cohen; and 10.90 for Lizanne Hackett). <u>See</u> SRU's Ex. 2C.  SRU urges that 2.53 hours would be appropriate , with time allotted only for Susan Frietsche (.83 hours) and Abbe Fletman (1.70 hours). <u>See</u> SRU's Ex. 3C.

   Yet as I read the Plaintiffs' billing records, all of David Cohen's time associated with the April 20, 2006 meeting was deducted. <u>See</u> Docket No. 114-14.  Accordingly, I decline to deduct additional hours on that basis.  SRU's representations in all other respects do, however, appear to be accurate.  I find it completely unnecessary for four attorneys (not counting Cohen of course) to have traveled to and from Slippery

Rock to attend the meeting with SRU officials. Plaintiffs have not explained why the attendance of four attorneys was necessary.  Because Abbe Fletman's hourly rate is the highest, I will award Plaintiffs the time requested by her associated with the meeting (1.7 hours).  Additionally, SRU appears to concede that Susan Frietsche's attendance was appropriate, so I will award Plaintiffs .83 hours for her attendance at that meeting.

Plaintiffs' requested fee will, however, be reduced by 6.08 for Terry Fromson at $350 per hour and 10.90 hours for Lizanne Hackett at $245 per hour.

4. Affidavits

Prior to filing the Complaint, Susan Frietsche, David Cohen and Terry Fromson worked on compiling affidavits from several of the named Plaintiffs. Plaintiffs request $5,711.25 in fees associated with 20.70 hours worked on this task (16.25 hours for Susan Frietsche; 3 hours for David Cohen; and 1.45 for Terry Fromson).  SRU objects only to the 1.45 hours spent by Terry Fromson.  A review of the billing records indicates that Terry Fromson actually wrote off .58 hours and .62 hours spent on April 13, 2006 reviewing affidavits. See Docket No. 114-14.  Indeed, she only billed .25 hours on April 26, 2006 in connection with reviewing the coach's affidavit. Id.  Because I do not find this time to be excessive, particularly in light of Plaintiffs having written off the other two time entries for Terry Fromson, I decline to adjust the hours in connection with the affidavits.

5. Complaint

Several of the Plaintiffs' attorneys, both from Flaster/Greenberg and from the

WLP, have billed time with respect to drafting the Complaint.  Terry Fromson billed 3.91 hours; Susan Frietsche billed 29.5 hours; David Cohen billed 6.5 hours; Lizanne Hackett billed 2.10 hours; and Abbe Fletman billed 4.4 hours associated with the Complaint. I acknowledge that the Complaint filed in this case was factually detailed. Nevertheless, most of the facts included in the Complaint certainly were derived from the affidavits.  Plaintiffs have already been compensated for such work. Accordingly, billing 46.41 hours for drafting the Complaint appears excessive.

Because Susan Frietsche clearly did the lion's share of work drafting the Complaint, I will allow her time.  All other time will be disallowed.[5]

6. Motion for TRO / Preliminary Injunction

The Plaintiffs submitted a detailed Motion for Temporary Restraining Order and Preliminary Injunction. Culling through the Plaintiffs' fee petition, SRU contends that the Plaintiffs are seeking $20,816.00 for a total of 66.57 hours of work.  It appears that Terry Fromson, Susan Frietsche, Abbe Fletman, David Cohen and Lizanne Hackett all worked on preparing the Motion.  SRU contends that payment for 25 hours of Terry Fromson's time would be adequate compensation.  All other work charged, SRU insists, is excessive and unreasonable under the circumstances.

While I acknowledge that, under ordinary circumstances, 66.57 hours may be an unreasonable amount of time to devote to a Motion, I do not find it unwarranted in this case.  The success of Plaintiffs' case depended, in large part, on the outcome

---

[5] To the extent that an attorney recorded more than one billing event at the same time, unless that attorney delineated how much time was spent on each task, I will disallow the entire amount.  I decline to guess how much time was spent on each particular task.

of the preliminary injunction proceeding.   The outcome of the proceeding depended, in turn, largely upon the time spent gathering the relevant case law and supporting documentation.   The sheer amount of information the Plaintiffs attorneys had to discover and digest concerning the number of student athletes at SRU, how many of those athletes were women, the number of opportunities available to women, whether data on rosters was overstated, etcetera was necessarily a time consuming task.   Accordingly, I decline to reduce any time associated with the preparation of the Motion for TRO / Preliminary Injunction and supporting memorandum.

### 7. May 12, 2006 Conference Call

On May 12, 2006 the parties participated in a conference call that lasted twenty minutes.  Susan Frietsche, Terry Fromson and Lizanne Hackett each billed .5 hours for the call, for a total of $417.50.  SRU contends that .5 hours at the rate of the senior attorney represents reasonable compensation for the work done and that all other time is redundant.  I agree.[6]  Nothing was discussed at the conference that was beyond the ability of an attorney commanding a fee of $350 per hour. Consequently, I will reduce the requested fee by .5 hours at $275 per hour for Susan Frietsche and .5 hours at $245 per hour for Lizanne Hackett.

### 8. Depositions

The parties conducted depositions on June 6, 2006 and June 8, 2006.  Plaintiffs

---

[6] I do note, however, that SRU itself had three attorneys who participated in this conference as well. See Docket No. 7.

seek $26,718.00 in fees for 81.30 hours worked relating to these depositions.  Both Abbe Fletman and Susan Frietsche billed time associated with these depositions, though apparently Abbe Fletman actually conducted the depositions.  I have reviewed the time sheets and agree that two attorneys billing for the same depositions is redundant.  I recognize that Terry Fromson has explained that "Frietsche actively assisted at the depositions conducted prior to the preliminary injunction hearing, and her knowledge of the exhibits and familiarity with the facts helped to elicit testimony that greatly strengthened plaintiffs' case." See Docket No. 114-4, p. 9.  Nevertheless, when being compensated at $385 per hour, I think it fair to expect Abbe Fletman to have a full command of the facts and exhibits, without the help of Susan Frietsche.  Consequently, I will reduce the fee request by 30 hours at $275 per hour.

9. The TRO / Preliminary Injunction Hearing

On June 14, 2006, the parties presented evidence at a preliminary injunction hearing.  I had informed the parties prior to the hearing that they would have only three hours available for the hearing.  Plaintiffs seek a total of $68,287.00 for 215.20 hours worked by Abbe Fletman, Terry Fromson, Susan Frietsche, and Lizanne Hackett.  SRU contends that 50.60 hours worked would be appropriate, but that the remaining hours are redundant.

Again, for the reasons stated above, I find that prevailing on the Motion was imperative to the success of Plaintiffs' case.  It set the tone for the extraordinary settlement that was achieved.  I have reviewed the time sheets submitted and,

while I agree that the attorneys did devote a large number of hours to preparing for the hearing, in light of the facts set forth above, I am disinclined to reduce any of this time.  I do not see anything in the time sheets indicating redundancy.

I do find, however, the presence of Terry Fromson and Lizanne Hackett at the hearing to have been unnecessary and redundant.  Neither attorney questioned witnesses or presented argument to the Court.  Those matters were handled on behalf of Plaintiffs by Abbe Fletman and Susan Frietsche.  Again, the necessary corollary to commanding a high hourly rate is the expectation that counsel can handle a number of complicated tasks on her own.  As such, I will reduce the requested rate by 8 hours at $245 per hour for Lizanne Hackett and 3 hours at $350 per hour for Terry Fromson.

10. <u>Findings of Fact and Conclusions of Law</u>

Following the Preliminary Injunction Hearing, the parties submitted Proposed Findings of Fact and Conclusions of Law.  Plaintiffs contend that Abbe Fletman, Lizanne Hackett, Terry Fromson and Susan Frietsche collectively expended 52.95 hours at a fee of $17,514.50 in drafting their submission.  SRU seeks to exclude all time spent by attorneys other than Abbe Fletman - who worked 24.70 hours on the submission.  According to SRU, all other time spent was excessive and redundant.

I have reviewed the time sheets.  I agree that Plaintiffs should not be compensated for the time spent by Lizanne Hackett on this task.  Hackett's time sheets indicate that she "reviewed" and "revised" Abbe Fletman's work. Again, Abbe Fletman, who is being compensated at $385 an hour, does not need her work

reviewed and revised by a more junior attorney.    Accordingly, the fee will be reduced by 1 hour at $245 an hour for Lizanne Hackett's time.

It also appears that Terry Fromson spent 12.25 hours and that Susan Frietsche spent 15 hours on the task.  I cannot tell from their time entries whether that time was spent on drafting or on reviewing and revising.  In light of Abbe Fletman's having worked 24.70 hours on the submission, I find an additional 27.75 hours excessive and unreasonable.  Accordingly, I will eliminate those hours.

11. Response to Motion to Dismiss

SRU filed a Motion to Dismiss which the Plaintiffs opposed and for which they seek $7,486.00 representing 21.10 hours worked by Terry Fromson and Abbe Fletman.   SRU contends that 11 hours worked by Terry Fromson would be appropriate compensation for this task and ask that I reduce the fee petition to reflect such an award.

I decline to adjust the hours requested.  SRU raised four separate arguments in support of dismissal of Plaintiffs' entire case.  Spending a total of slightly more than 21 hours in drafting the opposition does not seem superfluous or redundant.  Plaintiffs were successful in defeating three out of four of SRU's arguments.  My review of the time sheets does not suggest that the hours were excessive. Consequently, the entire time requested will be awarded.

12. Reply to Defendant's Response to TRO Motion

Prior to the hearing on the Motion for TRO / Preliminary Injunction, the Plaintiffs filed a Reply to the Defendant's Response to the TRO Motion. See Docket

No. 29.  The Plaintiffs seek $18,092.00 in fees for 73.70 hours worked by Lizanne Hackett, Abbe Fletman and Terry Fromson on this task.  SRU concedes that 20 hours of Lizanne Hackett's time and 9.5 hours of Abbe Fletman's time would be appropriate and reasonable compensation for the Reply Brief.

I agree that 73.70 hours for the 10 page submission is excessive.  Much of the Reply Brief is repetitive with what was contained in the opening brief.  Further, a large portion of Lizanne Hackett's time entries indicate that she "researched and analyzed case law for reply brief."  The case law contained in the Reply Brief was not substantially different from what was contained in the opening Brief. Consequently, I find a portion of that time to be redundant and excessive.  I will, accordingly, reduce Lizanne Hackett's time by 9 hours at $245 per hour.

I decline to reduce any of Abbe Fletman's time, both because SRU did not request any adjustment and because her entry dated June 11, 2006 - though she recorded 9.5 hours - appears to have been divided among several tasks, only one of which was "review and revise reply brief."  Because Abbe Fletman did not record any other time relating to the Reply Brief, and because her entry for June 11, 2006 reflects numerous other things as having been accomplished during that 9.5 hour entry, I will not penalize Plaintiffs in this instance.  For the same reason, I decline to reduce any hours recorded by Terry Fromson on June 12, 2006.  She recorded 8.5 hours, but her time sheets indicate that she reviewed the Reply Brief and prepared for the preliminary injunction hearing.

13. <u>July 27, 2006 Initial Case Management Conference</u>

On July 27, 2007, the parties attended a Case Management Conference. Susan Frietsche, Terry Fromson and Abbe Fletman each attended on behalf of the Plaintiffs. According to SRU's review of the time sheets, the Plaintiffs recorded 36.76 hours of time for the conference and matters associated therewith and request $12,841 for such work. <u>See</u> SRU's Ex. 2M. I have reviewed the time entries identified by SRU. I do agree that the attendance of three attorneys at the conference was unnecessary and redundant. It appeared to this Court at all stages of this proceeding that Abbe Fletman was the lead attorney. Accordingly, her time recorded for the date of the conference will not be reduced. I will, however, reduce Terry Fromson's billed time at $350 per hour for 1 hour recorded on 7/26/06 for "prep for conference with J. Ambrose"; 2.5 hours on 7/27/06 for "Travel to Pittsburgh for conference"; 1.33 hours on 7/27/06 for "Case Management Conference"; and 3.50 hours on 7/27/06 for "Travel back to Phila." Similarly, I will reduce Susan Frietsche's time at $275 per hour by 1.33 hours on 7/27/06 for "Case Management Conference." The remaining entries billed for items associated with the conference (such as drafting the position statement, etc), are appropriate and reasonable and will not be reduced.

14. <u>Joint Motion for Class Certification</u>

The Plaintiffs recorded 22 hours of time associated with the drafting of a Joint Motion for Class Certification. SRU does not object to the amount of time spent on this task, but asks that the fees be reduced in accordance with its requested hourly

rate for each attorney.  For the reasons set forth above, I decline to adjust the hourly rates.

15. <u>Mediation on the Participation Issue</u>

As stated above, the parties settled the participation claim after mediation conducted by Judge Lenihan.  According to SRU's review of the Plaintiffs' time sheets, they seek $17,417.00 for 50.98 hours worked by Terry Fromson, Abbe Fletman and Susan Frietsche.  SRU insists that Plaintiffs should be compensated for 22.50 hours for Abbe Fletman's time, but insist that all other work was redundant.

I agree that Susan Frietsche and Terry Fromson did not need to attend the mediation conference held on September 13, 2006.  My discussion with Judge Lenihan confirmed that Abbe Fletman was the lead attorney in all mediation conferences.  Someone commanding $385 per hour can fairly be expected to handle mediation sessions on her own.  Accordingly, I will reduce Terry Fromson's time by 8.5 hours at $350 per hour for the time recorded on September 13, 2006.  I will also reduce Susan Frietsche's time by 8.5 hours at $275 hours for the time recorded on September 13, 2006.  I find all other time recorded associated with the mediation conference reasonable, however, and decline to make further adjustments.

16. <u>Depositions</u>

Plaintiffs took two depositions(Leuken on November 16, 2006 and Greco on November 20, 2006).  According to SRU, Plaintiffs request $35,455.10 for 106.55 hours spent in preparing for and taking these depositions.  Abbe Fletman recorded 40.10 hours on this task; Terry Fromson recorded 52.98 hours; Susan Frietsche recorded

5 hours and Amal Bass recorded 8.47 hours. SRU concedes that 40.10 hours of Abbe Fletman's time was reasonable, so I will not adjust her time in this regard. SRU does ask, however, that Susan Frietsche's 5 hours and Amal Bass's 8.47 hours be eliminated entirely and that Terry Fromson's hours be reduced to 10.75.

I have reviewed the time sheets and conclude that Amal Bass's time is excessive and redundant, in light of the fact that her entries suggest that she "developed questions" for the deposition in light of document analysis and made phone calls to plaintiff in preparation of depositions. If Abbe Fletman is being paid $385 per hour for not only conducting the depositions, but also for preparing for the depositions, I think it only fair to expect that Ms. Fletman was able to develop her own set of questions within that 40.10 hours without the aid of Amal Bass. Additionally, I cannot see the need for phone calls to the plaintiffs when the depositions were of the Athletic Director and the Internal Auditor. Accordingly, the fee will be reduced by Amal Bass's rate of $ 130 per hour for 8.47 hours. My review of the time sheets indicates that Susan Frietsche did not bill for her attendance at Greco's deposition on November 20, 2006. Consequently, no adjustment is necessary in this regard.

I have also reviewed Terry Fromson's time sheets. SRU contends that 42.23 of her billed hours were excessive and redundant. It appears that both Terry Fromson and Abbe Fletman billed time for taking Leuken's and Greco's depositions. Moreover, Fromson billed additional time between October 30, 2006 and November 3, 2006 for "review[ing] and cop[ying] documents for depositions." SRU should not

bear the cost for paying someone $350 per hour to copy documents for depositions. In light of the duplication of Fletman's and Fromson's efforts, and Fromson's performance of a task better assigned to a paralegal, I agree with SRU that a reduction of Fromson's time by 42.23 hours is appropriate.

17.  Motion to Intervene

On November 22, 2006, a group known as "Save Slippery Rock Wrestling" ("SSRW") filed a Motion to Intervene.  SSRW sought to intervene both as a matter of right and with permission, pursuant to Fed. R. Civ. P. 24.  The Plaintiffs opposed the Motion and I denied SSRW's request to intervene by Order of Court dated January 22, 2007.  The Plaintiffs request $13,251.20 in fees for 65.28 hours spent on this task. Abbe Fletman, Lizanne Hackett, Terry Fromson and Susan Frietsche each billed hours on this matter.

SRU asks that all hours requested on this matter be eliminated from the award.  SRU reasons that it did not file the Motion and, in fact, joined with the Plaintiffs in opposing the Motion.  Significantly, SRU does not contend that the amount of time spent on this task was excessive or that any of the work performed was redundant.

I decline to reduce the fee award based upon time spent opposing the Motion to Intervene.  Plaintiffs were successful in their task, indeed, SRU joined in and took advantage of Plaintiffs' efforts in this regard.  Had SSRW been permitted to intervene, I am certain that the litigation would not have ended in such a mutually beneficial settlement.

18.  Settlement Agreement Re: Participation Claims

Plaintiffs devoted 19.78 hours in drafting the settlement agreement with respect to the participation claims.  They request $4,328.75 associated with this task.  SRU does not contest the amount of time spent on this task.  Instead, it asks simply that the award be reduced in accordance with the hourly rates it suggested were fair and reasonable.  For the reasons set forth above, I rejected SRU's proposed rates.  Accordingly, I decline to adjust Plaintiffs' fee request in this regard.

19. Mediation of the Treatment Claims

The parties eventually settled the treatment claims after participating in three mediation sessions (on March 2, 2007, April 6, 2007 and on July 2, 2007).  Plaintiffs request $45,888.05 for 157.55 hours worked by Terry Fromson, Abbe Fletman, Susan Frietsche and Amal Bass.  SRU contends that a total of 67.75 hours (which would include 15.75 hours actually spent during the mediation sessions themselves) would be a fair and reasonable amount of time for the task.  SRU demands that all other hours be eliminated as excessive and / or redundant.

I have reviewed SRU's proposed adjustments to the hours and agree that compensating four attorneys for attending the mediation sessions is excessive and unreasonable.  My conversations with Judge Lenihan indicate that Abbe Fletman took the lead in the negotiations on March 2, 2007 and April 6, 2007.  Abbe Fletman did not attend the July 2, 2007 mediation session, however, because SRU agrees that Plaintiffs should be compensated for Terry Fromson's time relating to the mediation sessions I will compensate Plaintiffs for Terry Fromson's time relating to the July 2,

2007 session.  All costs and time (including travel time) incurred by other attorneys relating to these sessions will be eliminated as excessive and redundant.  Thus, I will reduce the Plaintiffs' fees by 13.5 hours at $350 per hour for Terry Fromson's time billed for March 2, 2007; 16.25 hours at $275 hours for Susan Frietsche's time billed on March 2, 2007, April 6, 2007 and July 2, 2007; and 13.25 hours at $130 per hour for Amal Bass's time billed on March 2, 2007.

I also agree with SRU that the Plaintiffs billed excessive hours in preparing for the mediation sessions.  Consequently, I will further reduce Plaintiffs' fees by 8.5 hours at Terry Fromson's rate of $350 per hour for time spent preparing for the March 2, 2007 mediation session and 4.0 hours at Susan Frietsche's rate of $275 per hour for time spent working on the mediation statement.

20. <u>Settlement Agreement Re: Treatment</u>

Terry Fromson, Abbe Fletman, Susan Frietsche and Amal Bass collectively billed 11.21 hours on the task of the Settlement Agreement of the "Treatment Claims." Plaintiffs request $3,648.00 for such work.  SRU counters that 6.0 hours at Terry Fromson's rate of $350 per hour would be appropriate compensation for such work. All other hours billed by Plaintiffs, SRU insists, is excessive and redundant.

I have reviewed the time entries and agree that certain of the time billed is excessive and redundant.  For instance, it appears from the chronology that Terry Fromson took the lead in drafting the Settlement Agreement.  For that reason, I think it inappropriate for a very junior associate, Amal Bass, to have billed any time "editing" the draft.  Consequently, I will reduce the fee by .75 hours at Amal Bass's

fee of $130 per hour.  Additionally, while I understand the need for revisions, I think that Abbe Fletman's having devoted 1.30 hours to the task on March 21, 2007, after Terry Fromson and Susan Frietsche had already spent 6 hours on the draft, and without any indication that Fromson was responding to input from SRU, was completely unnecessary.  Consequently, the fee will be further reduced by 1.30 hours at Abbe Fletman's rate of $385 per hour.  The remaining entries I will allow, however, as the time sheets indicate that the attorneys were reviewing and responding to a counter-proposal from SRU.  Such work could not have been excessive or redundant under the circumstances.

21. <u>Joint Motion for Settlement Approval</u>

On May 18, 2007, the parties submitted a Joint Motion for Settlement Approval. <u>See</u> Docket Nos. 90 and 91.  Lizanne Hackett, Abbe Fletman and Terry Fromson billed a total of 43.08 on the Joint Motion and Plaintiffs request $10,111.50 relating to this task.  SRU urges that any time over 30.08 hours is excessive and redundant for the work performed on this task.

I agree that 43.08 hours devoted to an uncontested Motion is excessive.  In reviewing the time sheets it is clear that Lizanne Hackett bore primary responsibility for drafting the Joint Motion.  For this reason, I will reduce the requested fee by 1.08 hours at Terry Fromson's fee of $350 per hour.  Terry Fromson recorded only one entry with respect to this task and that entry was to "review" the Joint Motion.   It appears that Abbe Fletman also "reviewed" the Joint Motion.  However, because her involvement with the review process predated Fromson's, because she also revised

the Motion, and because I do not find her total time of 2.8 hours to be excessive in this regard, I decline to adjust her requested hours.

Turning to Lizanne Hackett's time, she apparently devoted 39.2 hours to drafting the Joint Motion.   The Motion itself consists of one page.   The Memorandum of Law which is attached thereto summarizes the terms of the Settlement, provides background information on the litigation and provides a brief discussion of law regarding the settlement of class actions and an application of that law to the salient facts.   The Motion also contains as attachments a Settlement Agreement, a Consolidated Settlement Notice and a Proposed Order.  While I agree that the Joint Motion and supporting documents are well crafted, I find that 39.2 hours on an uncontested Motion is excessive.   I think that nearly 30 hours is a generous period of time for someone of Lizanne Hackett's skill and experience within which to craft an uncontested Motion, where much of the information is culled from documents which have already been created.   Consequently, I will further reduce Plaintiffs' fee by 10 hours at Lizanne Hackett's fee of $245 per hour.

22. Review of Participation Reports

As part of the settlement of the participation claims, SRU submits to the Plaintiffs' documentation regarding athletic participation by its students.  Plaintiffs are requesting $3,826.25 in fees for 11.48 hours spent reviewing such documentation.  Susan Frietsche[7], Abbe Fletman and Terry Fromson each devoted

_____

[7] Although SRU complains of time billed by Susan Frietsche on May 2, 2007, my review of the time sheets indicates that Plaintiffs in fact do not seek $228.25 in fees for the .83 hours that Frietsche spent on that day reviewing the participation documents produced on May 1, 2007.  The fee is listed in "deducted time."  Consequently, I decline to reduce Plaintiffs fee for this time.

time to this task.  My review of the time sheets indicates that Susan Frietsche did not bill for any time in reviewing documents that was also billed by other attorneys. Indeed, her work was performed in February of 2007.  Consequently, I will not reduce her time.  My review does indicate, however, that Abbe Fletman's work duplicated that of Terry Fromson's.  Accordingly, I will reduce Plaintiffs' fee by .8 hours at Abbe Fletman's $385 hourly fee for work performed on March 2, 2007.

Clearly the time sheets indicate that Terry Fromson took primary responsibility for reviewing and analyzing SRU's second quarter participation reports.  She recorded 7.75 hours associated with this task.  I find this time to be appropriate and reasonable and decline to make any adjustments thereto.

23. <u>Conferences With Other Plaintiffs' Attorneys</u>

Plaintiffs engaged WLP and Flaster / Greenberg and a total of nine attorneys who billed time on this matter.   Not surprisingly, these attorneys spent time a significant amount of time "conferencing" with each other on the case. Specifically, Plaintiffs seek $20,811.15 for 72.04 hours spent conferencing between and among attorneys.  SRU concedes that there is some benefit to attorneys discussing aspects of the case amongst themselves, but ask that where multiple counsel participated in meetings or conference calls, that time should be billed at a collective rate of $300.00 per hour.  SRU asks that all other telephone, e-mail and other consultations be cumulated and paid at the requested adjusted hourly rate for each respective attorney.

I agree that conferences and meetings do serve a purpose when multiple

attorneys work on the same case.  I also, however, agree with SRU's argument - that it should not be billed for four attorneys participating in the same conference. Accordingly, on those occasions where multiple attorneys billed for the same conference or meeting, I will compensate Plaintiffs only at the highest hourly rate of the attorney participating in that conference or meeting.  All other billed time will be eliminated.

Thus, Plaintiffs' fee will be reduced by the following time and at the following rates:

<u>March 23, 2006</u>
Susan Frietsche      .75 hours at $275
David Cohen          .75 hours at $245
Lizanne Hackett     2.0 hours at $245

<u>April 6, 2006</u>
Susan Frietsche      .17 hours at $275
David Cohen          .17 hours at $245

<u>April 7, 2006</u>
Susan Frietsche      .35 hours at $275
Lizanne Hackett      .10 hours at $245
David Cohen          .17 hours at $245

<u>April 11, 2006</u>
Lizanne Hackett      .30 hours at $245

<u>April 14, 2006</u>
Susan Frietsche      .33 hours at $275
David Cohen          .33 hours at $245

<u>April 19, 2006</u>
Terry Fromson        .67 hours at $350
Susan Frietsche      .67 hours at $275
David Cohen          .67 hours at $245
Lizanne Hackett      .70 hours at $245

32

<u>April 20, 2006</u>
Susan Frietsche      1.75 hours at $275

<u>April 24, 2006</u>
Lizanne Hackett      .20 hours at $245

<u>April 27, 2006</u>
Susan Frietsche      .67 hours at $275
David Cohen          .67 hours at $245
Lizanne Hackett      .40 hours at $245

<u>May 1, 2006</u>
Terry Fromson        .83 hours at $350
Susan Frietsche      .83 hours at $275
David Cohen          .83 hours at $245

<u>May 2, 2006</u>
Susan Frietsche      .33 hours at $275
David Cohen          .33 hours at $245

<u>May 4, 2006</u>
Susan Frietsche      .69 hours at $275
David Cohen          .75 hours at $245

<u>May 5, 2006</u>
Terry Fromson        .5 hours at $350
Susan Frietsche      .5 hours at $275
David Cohen          .5 hours at $245

<u>May 16, 2006</u>
Lizanne Hackett      .2 hours at $245

<u>May 19, 2006</u>
Susan Frietsche      .5 hours at $275

<u>May 30, 3006</u>
Susan Frietsche      .5 hours at $275

<u>June 6, 2006</u>
Susan Frietsche      .5 hours at $275

<u>August 23, 2006</u>
Terry Fromson        .42 hours at $350
Susan Frietsche      .42 hours at $275

Lizanne Hackett      1.10 hours at $245

August 24, 2006
Susan Frietsche      .17 at $275

August 28, 2006
Lizanne Hackett      1.0 hours at $245

September 1, 2006
Terry Fromson      .25 hours at $350
Susan Frietsche      .25 hours at $275

October 3, 2006
Terry Fromson      .17 hours at $350

December 5, 2006
Susan Frietsche      .25 hours at $275

February 9, 2007
Terry Fromson      .67 hours at $350
Lizanne Hackett      1.3 hours at $245

February 20, 2007
Terry Fromson      .17 hours at $350
Susan Frietsche      .50 hours at $275

March 22, 2007
Amal Bass      .70 hours at $130
Susan Frietsche      .42 hours at $275
Lizanne Hackett      .8 hours at $245

April 2, 2007
Terry Fromson      .5 hours at $350
Susan Frietsche      .08 hours at $245

July 3, 2007
Susan Frietsche      .50 hours at $275

24. Discovery

Plaintiffs' attorneys apparently devoted 145.59 hours to discovery matters

and request a total of $35,803.45 in connection with this work.  SRU insists that

34

101.28 hours is fair compensation for such work.  I am at a disadvantage with respect to assessing the reasonableness of the work expended in discovery.  Where motions, briefs and memoranda are filed with the Court, I have the advantage of reviewing the final product and assessing from that product, how much time reasonably should have been expended in its preparation.  Discovery is not filed with the Court. SRU has not specifically explained what discovery was unnecessary or how particular entries were excessive or redundant.

I do know that this was a factually intensive case.  Plaintiffs' success depended upon gathering facts which were not readily accessible.  Their ability to garner such facts is, in my estimation, the basis for the outstanding results achieved through settlement.  Consequently, I decline to reduce any requested hours.

25. <u>Yeamans Settlement Agreement</u>

James Yeamans, the coach of the women's water sports teams at SRU, was originally a named Plaintiff in this litigation.  His claim was dismissed following SRU's challenge to his standing. <u>See</u> Docket No. 40.  Apparently he later claimed to have suffered retaliation as a result of having participated in the litigation and SRU and Yeamans negotiated a settlement of Yeamans' assertion of retaliation.  Plaintiffs request a total of $4,266.50 for 15.36 hours of work performed by Susan Frietsche and Abbe Fletman.   SRU counters that 10.0 hours of Susan Frietsche's time represents fair and adequate compensation.

I will adopt SRU's approach in this respect.  Yeamans' "claim" of retaliation was never made part of this litigation and thus, I find SRU to be generous in its

concession to pay for 10 hours associated with the resolution of his claim. Consequently, Plaintiffs' fee will be reduced by .5 hours at Abbe Fletman's rate of $385 per hour and 4.86 hours at Susan Frietsche's rate of $2.75 per hour.

26.  Miscellaneous Matters (Not Objected)

SRU has identified 30.79 hours billed by Plaintiffs' attorneys on a variety of tasks. See SRU's Exhibit 2Z.  Though SRU does not object to the time devoted to these tasks, SRU requests that the hourly rate awarded for these tasks be adjusted. For reasons set forth above, I decline to adjust the hourly rates for the Plaintiffs' attorneys.

27. Miscellaneous Matters - Scheduling (Not Objected)

SRU makes essentially the same argument with respect to 7.50 hours recorded regarding scheduling matters. See Docket No. 116, p. 13.  For the reasons set forth above, I decline to adjust Plaintiffs' fee.

28.  Miscellaneous Matters (Objected)

SRU has culled through the time sheets submitted by Flaster / Greenberg and the WLP and has identified 22.2 hours of work at a total cost of $6,868.25, which it contends is excessive, redundant or duplicative.  SRU proposes compensating Plaintiffs at $875 for this work. See SRU's Exhibits 2BB and 3BB.

I have reviewed the Plaintiffs time sheets and decline to reduce the fee petition request.  I do not find any excessive or redundant entries.

29. Client Service

Counsel for Plaintiffs spent 4.92 hours meeting with and discussing the

36

litigation with Plaintiffs.  They request $1,365.75 in conjunction with such work.  SRU does not object to the time spent, but rather the hourly rates charged. I decline to adjust the fee on this basis.

30. Fairness Hearing

On July 20, 2007, the parties participated in a Fairness Hearing on the proposed settlement.  Plaintiffs request $9,061.00 in fees for 26.48 hours of work associated with the hearing.  SRU concedes that 20.48 hours is an appropriate amount of time to have devoted to the hearing, but objects to the remaining 6 hours as excessive and redundant.  I would agree that having multiple attorneys attend the Fairness Hearing was unnecessary and, as such, was unreasonable and excessive.  The Plaintiffs have already written off all of Terry Fromson's time associated with traveling to and from the hearing (for a total of 5.5 hours).  It does not appear as though any other attorney recorded time for attending the Fairness Hearing.  My review of the remaining entries relating to this topic do not indicate any duplicative or excessive entries, so no adjustments will be made.

31. Fee Petition

With respect to the fee petition itself, Plaintiffs request an award of $46,632.00 for 182.46 hours of time logged by Lizanne Hackett, Abbe Fletman, Tara Parvey, Susan Frietsche, Christine Buchanan, and Terry Fromson.  SRU believes that 90.16 hours would be an appropriate amount of time to devote to the task of preparing the fee petition.  It objects to any additional hours as excessive and redundant.

I agree that 182.46 hours appears excessive for something that is largely ministerial in task.  While it has taken this Court a good bit of time to cull through the records and the parties' opposing arguments, the Plaintiffs' submission consisted largely of printing out billing records, preparing a memorandum which repeated the history and facts of the case (which should have been easily at the command of the attorneys) and the recitation of well established law regarding the lodestar method of awarding fees.  There was never an argument here as to whether Plaintiffs were a "prevailing party."  Indeed, I presume that the most time consuming task Plaintiffs faced was gathering affidavits from attorneys in this market. It appears that Abbe Fletman recorded 18.5 hours on a fee petition.  This is extraordinary given her billing rate of $385 per hour and the fact that a fee petition does not demand her intellectual expertise in the same manner as do some of the other issues present in this litigation.  Abbe Fletman's role in this matter should have been one strictly of review. Consequently, I will reduce Plaintiffs' fee by 15 hours at Abbe Fletman's rate of $385 per hour.  I believe that Abbe Fletman could accomplish all that she needed to do with respect to the fee petition in 3.5 hours of time.

I have also decided to deduct from Plaintiffs' fee all time entered on this task after July 20, 2007.  It was on this date that I informed Plaintiffs that their original submission violated my Rules regarding page limitations.  I decline to require SRU to pay fees for Plaintiffs' revisions to their fee petition which were occasioned only by their failure to abide by my Rules and Procedures which are posted on this Court's web site and of which Plaintiffs were aware.  Consequently, I will reduce Plaintiffs'

fee by .10 hours at Lizanne Hackett's rate of $245 per hour; 9.5 hours at Terry Fromson's rate of $350 per hour and 3 hours at Susan Frietsche's rate of $275 per hour.

C. *THE LODESTAR*

Having determined the reasonable hourly rates for each attorney, and the hours reasonably expended on this litigation, I must calculate the lodestar by multiplying the hours by the corresponding rates.

Accordingly, the Plaintiffs are entitled to the following fees:

WLP:

Terry Fromson

$350 per hour x 300.96 hours[8] = $105,336

Susan Frietsche

$275 per hour x 188.26 hours[9] = $51,771.50

David Cohen

$245 per hour x 24.33 hours[10] = $5,960.85

Amal Bass

$130 per hour x 117.83 hours[11] = $15,317.90

Flaster/Greenberg:

---

[8] (418.52 hours requested less 117.56 hours deducted for reasons set forth above)

[9] (282.83 hours requested less 94.57 hours deducted for reasons set forth above)

[10] (36.67 hours requested less 12.34 hours deducted for reasons set forth above)

[11] (141 hours requested less 23.17 hours deducted for reasons set forth above)

Abbe Fletman

$385 per hour x 389.80 hours[12] = $150,073.00

Lizanne Hackett

$245 per hour x 203.3 hours[13] = $49,808.50

Tara Parvey

$225 per hour x 129.80 hours = $29,205

Rachel Wolfe

$190 per hour x 1.2 hours = $228

Julie Assis

$175 per hour x 7.5 hours = $1,312.50

Danielle Newsome

$105 per hour x .30 hours = $31.50

Christine Buchanan

$160 per hour x 2.5 hours = $400

Angela Atkinson

$125 per hour x 5.4 hours = $675

Total Fees: $410,119.75

D. *ADJUSTING THE LODESTAR*

SRU asks that the lodestar be reduced by 20% because James Yeamans was

dismissed from the suit.  I decline to honor SRU's request.  In my view, Yeamans'

---

[12](412.60 hours requested less 22.8 hours deducted for reasons set forth above)

[13] (253.20 hours requested less 49.9 hours deducted for reasons set forth above)

participation and interest in this case was always secondary to the interest of the Student-Athletes.  Plaintiffs were unquestioningly successful in the overarching purpose of their suit.

SRU also asks that the lodestar be reduced by an additional 15% because it is a public institution and the payment of fees and costs will come from public funds. It directs this Court's attention to the decision rendered in Barrett v. West Chester University, Civ. No. 3-4978, 2006 WL 859714 (E.D. Pa. March 31, 2006) in support of its argument.  In Barrett, the court considered whether a reduction in the overall lodestar sum would be appropriate given the public university's financial plight and the fact that the payment of an award would affect not only the taxpayers of Pennsylvania but also the university's students.  The court found such considerations, coupled with the fact that the attorneys for the students became involved as a matter of public service, supported a 15% reduction of the lodestar figure. See Barrett, 2006 WL 859714 at *18.

At first glance SRU's argument holds some appeal.  The uncontroverted facts establish that cuts were made in athletic programs because of declining budgets. I have not been presented with any evidence to suggest that SRU has recovered from the financial plight that it and other schools in the State System of Higher Education face.  Had noncompliance with Title IX been limited to this period of time, I likely would have reduced the lodestar as did the Barrett court.

Yet a closer review of the evidence reveals that the "financial plight" was not the real cause of SRU's noncompliance with Title IX.  Indeed, the evidence presented

41

at the preliminary injunction hearing indicated that SRU had never once been in compliance with Title IX since its passage approximately thirty-five years ago. SRU had been warned by independently retained consultants that it was not compliant and had been given a recommended course of action. Nevertheless, SRU failed to take that course of action. When facing the budgetary constraints that occasioned the elimination of the teams at issue in this litigation, the SRU President was reminded about the need to comply with Title IX. Yet, he deliberately decided to remove Title IX compliance from his consideration in determining which teams to eliminate. Had SRU taken alternate steps at any prior stage, it could have avoided the fees it now seeks to reduce. SRU has to answer to its students and taxpayers for the fees.

Obviously, I am cognizant of the fact that the fees and costs do come from the public purse. Accordingly, I have closely scrutinized the Plaintiffs' Motion. SRU did not present any counter affidavits indicating that the requested hourly rates were unreasonable. SRU did, however, present convincing arguments that the Plaintiffs did bill for excessive and redundant work. The lodestar sum is based only on those fees which were reasonably and necessarily expended.

E. COSTS

Plaintiffs seek the payment of $10,923.86 in costs which they insist were reasonable and necessary to the litigation. The WLP spent $3,388.62 and Flaster/Greenberg incurred $7,535.24 in expenses. SRU objects to $3,747.05 in combined expenses. See SRU's Exhibit 9.

I agree that the WLP is not entitled to be reimbursed for basic office supplies. See Sheffer v. Experian Information Solutions, Inc., 290 F. Supp.2d 538, 552 (E.D. Pa. 2003). These costs are part of routine overhead and are reflected in the hourly rates charged by attorneys.  The WLP attorneys were awarded their requested hourly rates and as such can absorb these costs.  Consequently, I will reduce the costs allocated to the WLP by $1,055.83.

Similarly, I find it unreasonable to impose upon SRU the cost of overnight mail, federal express and courier service necessitated by the fact that Plaintiffs' counsel were divided between two firms and three locations.  Certainly Plaintiffs are entitled to secure counsel of their choice.  Yet SRU should not be forced to bear costs for Plaintiffs' attorneys to transfer documents between themselves.  As such, I will reduce the costs allocated to the WLP by $32.57 for a Federal Express delivery to Flaster/Greenberg and I will reduce costs allocated to Flaster/Greenberg by $230.53 for Federal Express and courier services to the WLP.  I will also reduce costs allocated to Flaster/Greenberg in the amount of $6.00 for a cab ride which was taken between the Flaster/Greenberg and the WLP offices on June 1, 2006 for the same reasons.

Finally, I will reduce costs allocated to both WLP and Flaster/Greenberg for travel which was deemed unnecessary and duplicative as set forth above.[14]

---

[14] I acknowledge that the amount I find appropriate to reduce with respect to travel costs differs from that requested by SRU.  I eliminated travel costs for any attorney who I previously determined should not have billed hours for attending a proceeding.  My approach in this regard differed from SRU's approach and provides the basis for the difference in travel costs.

Accordingly, Plaintiffs' request for the WLP's travel costs is reduced by $2,004.22[15] and Flaster/Greenberg's costs is reduced by $874.08.[16]

* * * * * * * * * * * * * * * * * * * * *

## ORDER OF COURT

AND NOW, this **22nd** day of October, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that Plaintiffs' Motion for Attorneys' Fees and Costs (Docket No. 113) is Granted. Plaintiffs are awarded $410,119.75 in attorney's fees and $6,720.63 in costs.

BY THE COURT:

_____

Donetta W. Ambrose,
Chief U. S. District Judge

---

[15] (comprised of Terry Fromson's costs on April 20, 2006, June 13, 2006, July 27, 1006, September 13, 2006, November 20, 2006, March 2, 2007, July 2, 2007, and David Cohen's costs on April 20, 2006)

[16] (comprised of Lizanne Hackett's travel costs on April 20, 2006 and June 13, 2006)